UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

HEARING DATE: OCTOBER 19, 2010
HEARING TIME: 10:00 A.M.

------------------------------------------------------x

In re

166 West 72nd Corp., et al.,

                Debtor.

------------------------------------------------------x

Case No. 07-13350 (ALG)

(Chapter 7)

## RESPONSE OF THE UNITED STATES TRUSTEE TO APPLICATIONS FOR FINAL COMMISSIONS, COMPENSATION, AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE ALLAN L. GROPPER, BANKRUPTCY JUDGE:

The United States Trustee for Region 2 (the "United States Trustee") submits this response to the following applications seeking awards of final commissions, compensation and reimbursement of expenses in this Chapter 7 case.

| Applicant | Period | Comm | Expenses | Hours |
|---|---|---|---|---|
| Lori Lapin Jones, Chapter 7 Trustee | 09/12/08-Present | $14,156.23 | $811.43 | 109.30 |
| Silverman Acampora, LLP, Attorney for the Trustee | 09/08/08-02/17/10 | $79,584.10 | $4,583.98 | 262.66 |
| Joseph A. Broderick, P.C., Accountant for the Trustee | 09/12/08-01/04/10 | $21,817.04 | $89.04 | 78.60 |
| MYC & Associates, Inc. Auctioneer for the Trustee | 09/08/08-03/24/10 | $8,500.00 | ---- | --- |

In addition, the receipts of the estate are:

| As of Date | Gross Receipts | Disbursements | Balance on Hand |
|---|---|---|---|
| June 28, 2010 | $218,124.64 | $91,625.72 | $126,498.92 |

## Background

1. On October 24, 2007, 166 West 72nd Corp. ("166 West"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter, thirteen affiliated entities (collectively, with 166 West, the "Debtors") filed petitions at various dates starting with November 22, 2007 and ending with January 9, 2008. The parent company of each of the Debtors, BSI Corp. ("BSI"), filed its voluntary petition on January 8, 2008. By Order signed on January 9, 2008, the Debtors cases were jointly administered.[1] The Debtors operated restaurants under the name "Burritoville."

2. On August 7, 2008, the United States Trustee filed a motion to convert the Chapter 11 case to Chapter 7, or in the alternative, to appoint a Chapter 11 Trustee. By Order signed on September 8, 2008, the United States Trustee was directed to appoint a Chapter 11 Trustee. ECF No. 154. On September 8, 2008, Lori Lapin Jones was appointed ("Chapter 11 Trustee") as Chapter 11 trustee. ECF No. 155.

---

[1] The jointly administered cases are: 166 West 72nd Corp., 116 Chambers Corp., 352 West 39th Corp., BV 4018 Corp., 866 Third Corp., 141 2nd Corp., 36 Water Corp., 1487 2nd Corp., 80 Nassau Corp., 625 9th Corp., 298 Bleecker Corp., 264 West 23rd Corp., BSI Corp., and Hudson Burrito Corp.

3. Upon the motion of the Chapter 11 Trustee, the Chapter 11 cases of the Debtors were converted to cases under Chapter 7 of the Bankruptcy Code on September 12, 2008. ECF No. 163.

4. On September 12, 2008, Lori Lapin Jones (the "Trustee") was appointed as interim Chapter 7 trustee by the United States Trustee and thereafter qualified as the permanent Chapter 7 trustee. ECF No. 165.

5. By Order signed on October 22, 2008, the Trustee was authorized to retain the firm of Silverman Acampora LLP ("Silverman") as attorney effective as of September 8, 2008. ECF No. 197.

6. By Order signed on October 27, 2008, the Trustee was authorized to retain Joseph A. Broderick, P.C., (the "Broderick Firm") as accountant effective as of September 12, 2008. ECF No. 199.

7. By Order signed on November 3, 2009, the Trustee was authorized to retain the firm of MYC & Associates, Inc. ("MYC") as auctioneer nunc pro tunc to September 8, 2008. ECF No. 205.

Liquidation of Assets

8. The conversion order provided for the Trustee to operate the businesses, but the Trustee determined it was not prudent to do so and closed all the restaurants on September 12, 2008. By Order to show Cause signed on September 26, 2008, a hearing was scheduled for an order authorizing and approving the Trustee's sale of certain of the Debtor's assets subject to a higher and better offer. ECF No. 173. Objections were filed by HSBC Bank, the Debtor's secured lender, and Strategic Funding Source, Inc.

9. An auction sale of the Debtor's assets was conducted and the highest bidder was Strategic Brands LLC ("Strategic Brands"). The second highest bidder was Franchise Capital, Inc. ("Franchise Capital"). By Order signed on October 8, 2008, the Trustee was authorized to sell the Debtor's assets to Strategic Brands for the sum of $80,000.00. ECF No. 188. However, Strategic Brands failed to close on the purchase of the assets. By Stipulation and Consent Order signed on November 25, 2008, the Trustee was authorized to sell the Debtor's assets to Franchise Capital for the sum of $100,000.00 (the "Sale Order"). ECF No. 210. The Sale Order further states:

> [U]pon clearance of the Sale Proceeds, the Trustee is authorized and directed to pay HSBC $65,000.00 which shall reduce the secured claim of HSBC by $65,000. The balance of the collateral of HSBC shall be deemed surcharged under section 506(c) of the Bankruptcy Code and carved-out for the benefit of the Trustee and her professionals (and thereafter, for the benefit of creditors in the order of priority under the Bankruptcy Code, but not for the benefit of any secured creditors junior to HSBC except to the extent such creditors may have an unsecured claim) and any unpaid claim of HSBC against the Debtors shall be deemed a general unsecured claim.

See Sale Order at ¶ 5(a).

10. In addition to the sale proceeds, the primary receipts of the estate consist of store receipts of $40,141.71, account receivables of $34,187.73, turnover of bank deposits of $17,778.89, and $25,000.00 from non-consumation of sale by first bidder.

11. By Order signed on March 12, 2009, the cases were substantively consolidated. ECF No. 215.

12. The bar date to file pre-petition claims was August 1, 2008, and the bar date to file chapter 11 administrative claims was September 2, 2009. The United States Trustee has a claim for unpaid quarterly fees in the amount of $26,000.00.

13. The estate is administratively insolvent. If the fees, commissions and expenses of the professionals are awarded in full, an 81% distribution will be made to chapter 7 administrative creditors. Due to the fact that there are not sufficient funds in this estate to make a distribution to other classes of creditors, the Trustee has not reviewed and allowed those claims.

### Comments

**Lori Lapin Jones, Chapter 7 Trustee**
**Silverman Acampora, LLP, Attorney for the Trustee**
**Joseph A. Broderick, P.C., Accountant for the Trustee**
**MYC & Associates, Inc., Auctioneer for the Trustee**

14. As noted in paragraph 13 above, the estate is administratively insolvent and the applicants will only be receiving a distribution of 81% of its requested commissions, fee and expenses. The United States Trustee does not object to an award of compensation in the amount sought by the applicants.

15. The United States Trustee does not object to the reimbursement of expenses in the amount incurred by the applicants.

Dated: New York, New York
August 26, 2010

                                      Respectfully submitted,

                                      TRACY HOPE DAVIS
                                      UNITED STATES TRUSTEE

By:    */s/Paul K. Schwartzberg*
       Paul K. Schwartzberg
       Trial Attorney
       33 Whitehall Street, 21st Floor
       New York, New York 10004
       Tel. No. (212) 510-0500